PER CURIAM.
This Court, on its own motion and on the suggestion of Judge Harvey Goldstein, amends canon 5F of the Code of Judicial Conduct. We add a sentence that will allow active members of the judiciary to obtain the education and training necessary for qualification and certification as arbitrators or mediators. This request to modify canon 5F has been sought because the current canon has been properly interpreted by the Committee on Standards of Conduct Governing Judges to require judges to abstain from the observation and actual mediation training requirements until after retirement. The committee determined that its conclusion was required because observing or conducting this type of mediation would not be performed as part of a judge’s judicial duties. See Committee on Standards of Conduct Governing Judges, Op. 97-5 (1997); Committee on Standards of Conduct Governing Judges, Op. 96-7 (1996).
With this amendment we allow, with certain caveats, active judges to complete the training necessary to gain certification as mediators or arbitrators. However, while this type of education and training might enhance a judge’s general knowledge of the law and judicial responsibilities, it is certainly not necessary to his or her judicial duties. Indeed, we find that the certification and qualification will primarily inure to a judge’s personal benefit. Further, completing the required qualification program, which can include observing and conducting arbitrations *353 or mediations, must be done with care in order to avoid any interference with the performance of judicial duties.
We hereby amend canon 5F as follows:
F. Service as Arbitrator or Mediator. A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law or Court rule. A judge may, however, take the necessary educational and training courses required to be a qualified and certified arbitrator or mediator, and may fulfill the requirements of observing and conducting actual arbitration or mediation proceedings as part of the certification process, provided such program does not, in any way, interfere with the performance of the judge’s judicial duties.
(New language is indicated by underlining.) The commentary to section 5F is amended as follows:
Canon 5F. Section 5F does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary education and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge’s judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge’s personal benefit. While actually participating in the mediation and arbitration training activities, care must be taken in the selection of both cases and locations so as to guarantee that there is no interference or conflict between the training and the judge’s judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.
(New language is indicated by underlining.)
This amendment to canon 5F and its commentary shall be effective on October 1,1997, unless otherwise modified by the Court before that date. Any interested party may file comments concerning this canon amendment on or before September 1,1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.